[Argued Oct. 20, 1892; decided Oct. 31, 1892; rehearing denied Nov. 19, 1892.]

## GREENBAUM *v.* EMIL FRANK.

[S. C. 31 Pac. Rep. 256.]

Multnomah County: LOYAL B. STEARNS, Judge.

Plaintiffs appeal.    Affirmed.

*Xenophon N. Steeves*, for Appellant.

*Joseph Simon*, for Respondent.

PER CURIAM.—The complaint alleges that the defendant was appointed assignee by the insolvent, and thereafter qualified as such; that the assets of such insolvent, which consisted of a general stock of merchandise, was worth $18,000; that the said assignee, instead of making an inventory of said assets, adopted the inventory prepared by the sheriff, who held said property under an attachment; that said sheriff's inventory represented the said stock to be worth $15,189; that without an order of the court, the defendant, as such assignee, with intent to cheat and defraud the creditors of said insolvent, secretly and privately disposed of said stock of merchandise to some of the friends of defendant for less than its value, receiving therefor $7,951, which is alleged to be greatly below its value; and it is sought by this suit to charge the defendant with the difference between the amount realized for the sale of the same and accounted for by him and what is claimed by the plaintiffs to be the actual value thereof.

The answer denies specifically the allegations of the complaint charging the defendant with secretly disposing of said stock of said insolvent, or having disposed of the same to his friends, or for any less sum than the actual value thereof, and denies all allegations charging the defendant with malfeasance or improper conduct in his administration of the estate.    The defendant alleges that the assets transferred to him by the insolvent did not exceed in value the sum of $7,951, the amount

realized therefor. The answer also sets up another defense, but the view we take of the case renders its consideration unnecessary. The case was tried before the judge below, who heard all the testimony; and upon a thorough examination of the whole matter, he made his findings, which show that the plaintiffs failed to establish their charges and fully exonerated the defendant.

1. In respect to the inventory of the sheriff, the evidence shows that it was adopted only for the purpose of fixing the bonds of the defendant. °2. It is shown by a great preponderance of the evidence and by many witnesses of the plaintiffs that the stock was worth but little more, if any, than the amount for which it was sold; that it was sold openly, after much effort to get a purchaser, and for the highest price that could be obtained, and in good faith, and without any fraud on the part of the defendant. 3. The evidence shows that in the management and disposition of the assets, the defendant was guilty of no misfeasance or improper conduct. 4. The result reached by the court below upon the evidence accords with our view, and the decree is affirmed.